UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

TRAVIS DEON ROSEBORO,

    Petitioner,

v.

FRANCISCO QUINTANA, Warden,

    Respondent.

Civil Action No. 5:18-008-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Travis Deon Roseboro is an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Roseboro filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* R. 1. For the reasons set forth below, the Court will deny Roseboro's petition.

In 2015, Roseboro pled guilty to conspiracy to commit robbery by force or violence, in violation of 18 U.S.C. § 1951. *See United States v. Roseboro*, No. 3:14-cr-264 (W.D.N.C. 2014). According to Roseboro, the trial court determined that he was subject to multiple enhancements under the sentencing guidelines, including an enhancement for obstructing or impeding the administration of justice and an enhancement because his crime involved a financial institution. *See* R. 1-1 at 1. In the end, the trial court sentenced Roseboro to 87 months in prison.

Roseboro did not file a direct appeal or formally move to vacate his sentence pursuant to 28 U.S.C. § 2255. *See id.* at 5. Instead, he filed his § 2241 petition and asks this Court to "grant him one full and fair collateral attack on his case, and reverse his sentence and resentence him without the illegal enhancements." R. 1 at 8. Ultimately, Roseboro claims that the trial court violated federal circuit court case law by enhancing his sentence.

Roseboro's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Roseboro cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, under certain limited circumstances, a prisoner may challenge his sentence in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Sixth Circuit has explained that this is only true when the prisoner was sentenced under the mandatory guidelines regime pre-*United v. Booker*, 543 U.S. 220 (2005), and is relying on a subsequent, retroactive change in statutory interpretation by the Supreme Court. *See Hill*, 836 F.3d at 599-600. That is not the case here. After all, Roseboro was sentenced in 2015, well after the Supreme Court decided *Booker*. Moreover, Roseboro has not identified a subsequent, retroactive change in statutory law by the Supreme Court that is relevant to his case. Instead, Roseboro is making arguments that he could have made at his sentencing, on direct appeal, and in a § 2255 motion. That is simply not proper in a § 2241 petition.

Accordingly, it is hereby **ORDERED** as follows:

1. Roseboro's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated January 11, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY